IT IS HEREBY ORDERED that defendant Altus' Motion to Dismiss for Lack of Personal Jurisdiction is GRANTED.

IT IS FURTHER ORDERED that defendant Peter Costain's Motion to Dismiss for Lack of Personal Jurisdiction is DENIED.

IT IS FURTHER ORDERED that defendant Richard Costain (Holdings) Limited's Motion to Dismiss for Lack of Personal Jurisdiction is DENIED as to the issue of insufficient service of process. An evidentiary hearing will be held prior to the Court's ruling on the remaining issues in defendant Holdings' Motion to Dismiss for Lack of Personal Jurisdiction.

IT IS FURTHER ORDERED that plaintiffs issue new service of process to defendants Peter Costain and Richard Costain (Holdings) Limited, in accordance with the Memorandum filed herein and the Hague Convention, within 30 days of the filing of this Order.

IT IS FURTHER ORDERED that the stay upon discovery ordered by this Court is now lifted and that proper discovery may be conducted pursuant to the Federal Rules of Civil Procedure.

IT IS FINALLY ORDERED that defendants' Motion to Dismiss on Forum non Conveniens is DENIED.

**Joan BUDDEN, et al., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

No. CV88–L–493.

United States District Court, D. Nebraska.

Dec. 8, 1992.

C.L. Robinson, Fitzgerald, Schorr, Barmettler & Brennan, Omaha, NE, for plaintiffs.

Thomas K. Pfister, Torts Branch, Civil Div., U.S. Dept. of Justice, Bill Gallo, Litigation Div., FAA, DC, Ronald Lahners, U.S. Atty., Sally Johnson, Asst. U.S. Atty., Lincoln, NE, for defendant.

## ADDITIONAL FINDINGS ON REMAND

URBOM, Senior District Judge.

This action was remanded for the making of findings on proximate cause, intervening cause, and negligence of the pilot, Craig Budden. 963 F.2d 188. Following careful and extensive briefing by the parties, I conclude that the negligence of Robert Geranis in failing to advise Budden of the area forecast of below–1,000–foot ceilings was not a proximate cause of the accident, that the sole proximate cause of the accident was the negligence of Budden in continuing to fly into deteriorating weather conditions consisting of decreasing cloud ceilings and visibility for a substantial period of time after he was aware through personal observation of those weather conditions and failing to take reasonable preventive measures.

I do not find that Budden would not have taken off at Kearney, Nebraska, if Geranis had told him of the forecast of the below–1,000–feet ceilings for the area, nor do I find that he would have. There is virtually no evidence on that subject and speculation points in neither direction more than the other.

The greater weight of the persuasive evidence is that visibility gradually decreased as the aircraft proceeded to the northwest. Scud clouds became more prevalent as the pilot proceeded along the traveled route during the last several miles. Precipitation was first encountered at about the Hutchinson ranch, approximately eight miles from the accident scene. The precipitation increased for the next several miles from a mist to a light drizzle. Cloud ceilings below 1,000 feet were also first encountered at about the Hutchinson ranch. Ceilings decreased to perhaps 300 or 400 feet by the time of the arrival at the accident site. Scud clouds, partially in the form of fog, were below the cloud ceiling. Rodgers' Helicopter Service operating procedures, which became part of the rules and regulations of the F.A.A., required that Budden have at least a 1,000–foot ceiling and visibility of three miles at night. Budden was in violation thereof for approximately the last eight miles of the flight.

Budden could have—and a reasonable person in the same circumstances would have—made a 180–degree turn to fly back toward the area from which he come or could have landed. Budden did neither. He, rather, continued to fly into worsening conditions at cruising speed.

That was negligence which constituted the sole proximate cause of accident.